UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:08-cr-29 |
| Plaintiff, | : | |
| | : | OPINION & ORDER |
| v. | : | [Resolving Doc. 52] |
| | : | |
| MARIO PETERSON, | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Mario Peterson pleaded guilty to one count of aiding and abetting in the interference with commerce by threats or violence, in violation of 18 U.S.C. §§ 1951(a) and 2; two counts of carjacking, in violation of 18 U.S.C. § 2119(1); and one count of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).[1]

On September 9, 2008, the Court imposed a 324-month prison sentence.[2] The Sixth Circuit affirmed the sentence.[3]

On May 16, 2022, Defendant filed a *pro se* motion titled "Post-Conviction Relief Petition."[4] The motion is hard to understand.

The Court does not reach the merits. In this case, "[t]he defendant's conviction has long been final, and a district court may modify a defendant's sentence only as permitted by statute."[5] And, "[a] criminal defendant who 'wishes to challenge the imposition of his

---

[1] Doc. 50.
[2] Doc. 36.
[3] Doc. 50.
[4] Doc. 52.
[5] *United States v. Phillips*, No. 04-cr-42, 2013 WL 5675543, at *2 (E.D. Tenn. Oct. 17, 2013) (citing *United States v. Ross,* 245 F.3d 577, 586 (6th Cir.2001).

Case No. 1:08-cr-29
GWIN, J.

sentence ... must file a § 2255 [habeas] motion to vacate the sentence.'"[6] But that § 2255 relief is not obviously available to Defendant since the one-year time-bar for filing a habeas petition[7] has passed.

Accordingly, the Court **DENIES** Defendant Peterson's motion.

IT IS SO ORDERED.

Dated: June 3, 2022    *s/    James S. Gwin*
                       JAMES S. GWIN
                       UNITED STATES DISTRICT JUDGE

---

[6] *Id.* (quoting *King v. Thoms,* 54 F. App'x 435, 437 (6th Cir.2002)).
[7] 28 U.S.C. § 2255(f).

- 2 -